ANNA ROSENBERG, Respondent, *v.* OSCAR HAMMERSTEIN, Appellant.

*Bill of particulars — what statement of inability to furnish it is insufficient.*

A defendant having set up in his answer, upon information and belief, a counterclaim, to the effect that the plaintiff had received from the defendant $10,000 and upwards, the plaintiff applied to the court to compel the defendant to furnish a bill of particulars thereof; in opposition to which motion the defendant alleged that he had no personal knowledge of the matter of the counterclaim, the transactions having taken place between his bookkeeper, who was the plaintiff's husband, and the plaintiff; that the bookkeeper received the defendant's money and transferred it to the plaintiff's bank account without the knowledge of the defendant, who had not in his possession the books of account nor the bank book in which the amounts appeared, both of which books had been taken away by plaintiff's husband — all of which allegations were denied by the latter.

*Held,* that it did not satisfactorily appear that the defendant could not give a more particular statement of the facts as to his counterclaim, and that the bill of particulars should be furnished by him.

APPEAL by the defendant, Oscar Hammerstein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of September, 1896, requiring him to furnish a bill of particulars of his answer and counterclaim.

*David M. Neuberger,* for the appellant.

*George W. Galinger,* for the respondent.

RUMSEY, J.:

The action was brought to foreclose a mortgage. The defendant, answering, alleged, as a second defense, that the plaintiff had received moneys from him exceeding the amount due upon the mortgage, which he asked to set off so far as might be necessary against the

plaintiff's demand. For a counterclaim, he alleged that, before the commencement of the action, the plaintiff had received of him $10,000 and upwards, no part of which had been paid, and for which he asked judgment. The answer was sworn to, and the allegations in it were made upon information and belief. The plaintiff denied the counterclaim. After the issues were thus formed, the plaintiff moved for a bill of particulars of the defendant's answer and counterclaim, which was granted. In her affidavit, upon which the motion was based, she alleges the necessary facts to authorize the court to grant the motion. The defendant, in opposition to it, alleged that he had no personal knowledge of the matters set forth in his answer or counterclaim; that the transactions which resulted in the plaintiff's receipt of the $10,000 were had between the plaintiff's husband and herself; that the husband was the defendant's bookkeeper and that the transactions were had without the defendant's knowledge. He alleges that the plaintiff's husband, acting as bookkeeper for him, received money belonging to the defendant from time to time, and, instead of holding it for the defendant, transferred it to the bank account of the plaintiff. He says that he was unable to get from the banks any statement of the amount of money so transferred. He further alleges that the amount of money received by the plaintiff's husband, as his bookkeeper, and which was transferred to her account, appears in the books of the defendant and in bank books of his which were kept by Rosenberg, the plaintiff's husband, but that these books are not now in the defendant's possession, having been taken away by the plaintiff's husband shortly before the commencement of the action, upon an occasion when Hammerstein discharged him from his employ. All these allegations are denied by Rosenberg, who says that he was discharged at a time when he was not in the defendant's office; that he never went back to the office; that he never saw the books after the time of his discharge, and that they were then in the defendant's office, and that, so far as he knows, they are there now.

There were many other allegations in the affidavits, but the foregoing is the substance of the material portions of them. By reference to the answer and the affidavits it will appear that the defendant has sufficient knowledge of the receipt of this money by the plaintiff, not only to swear to it upon information and belief, but to

give many details as to the manner in which it was taken from him and received by her. For instance, he says that a certain part of the money was the proceeds of the amounts due to him which were paid to Rosenberg, and by him deposited to the credit of the plaintiff's bank account, and he alleges generally as to the manner in which the remaining money was received by Rosenberg. That he has such knowledge upon these points as enables him to swear to them so fully as he has, casts considerable doubt upon his allegation that he has not sufficient information with regard to them to formulate it in a bill of particulars. If he had sufficient information to allege the fact, that information must necessarily enable him to state something more than he has stated in his answer. If he has the books in his possession, or under his control, as we are bound to believe he has from the affidavits, certainly he will be able to state what money was received by Rosenberg and what money, if any, was not accounted for or was transferred to the plaintiff's credit. In any event the affidavits do not satisfy us that the defendant is not able to give a more particular statement of the facts which he has alleged under oath, than he has given in his answer, or that he is not able to comply with the order requiring a bill of particulars.

The case is clearly one in which a bill of particulars should be granted, and the order should be affirmed, with costs and disbursements.

BARRETT, WILLIAMS, O'BRIEN and INGRAHAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.